UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIONTE NOBLE,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF CULTURAL AFFAIRS,

Defendant.

26-CV-5815 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendant New York City Department of Cultural Affairs violated his constitutional rights to "[e]mployment, human, safety, [and] health." (ECF No. 1, at 2.) He also filed a Motion for Default Judgment (ECF No. 7) and a document that he styles as a Motion for Request for Judicial Intervention (ECF No. 8). By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead, and denies Plaintiff's motions.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

The following facts are drawn from the complaint.[1] The complaint's Statement of Facts reads, in full:

> On Tuesday, June 9, 2026 I submitted my sealed bid requesting federal funding via a "Grant" to produce work within the creative services industry.
>
> Based on federal procurement law, processing + response time has expired on Wednesday June 24, 2026.
>
> I request an Court Order Injunction for the processing of payment to become employed.

(ECF No. 1, at 5.) In addition to injunctive relief, Plaintiff demands $2.25 million in damages. (*Id*. at 6.)

**DISCUSSION**

**A. Defendant New York City Department of Cultural Affairs**

Plaintiff names the New York City Department of Cultural Affairs as the sole defendant. In federal court, however, an entity's capacity to be sued is generally determined by the law of

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

the State where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."). Under New York law, agencies of the City of New York cannot be sued in the name of the relevant agency, unless the law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The New York City Department of Cultural Affairs, which is an agency of the City of New York, does not have the power to sue and be sued in its own name. *See* N.Y. City Charter ch. 67, §§ 2501-2510 (describing structure and powers of the Department of Cultural Affairs). The Court therefore dismisses Plaintiff's claims against the New York City Department of Cultural Affairs for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and his clear intention to pursue claims against an administrative arm of the City of New York, the Court liberally construes Plaintiff's Section 1983 claims against the Department of Cultural Affairs as being asserted against the City of New York. The Court therefore substitutes the City of New York as a defendant, in place of the Department of Cultural Affairs, under Rule 21 of the Federal Rules of Civil Procedure. This substitution is without prejudice to any defenses that the City of New York may wish to assert.

**B. Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's

favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

Plaintiff does not provide enough information for the Court to determine whether the allegations plausibly suggest that Plaintiff is entitled to relief under any federal law. Specifically, the complaint does not plead facts describing what exactly occurred and why Plaintiff believes that Defendant violated his rights. For example, while it appears that Plaintiff applied for a grant from Defendant, he includes no allegations concerning the nature of the grant, the rules governing the grant, or Defendant's obligations in evaluating the grant application. Without concrete facts describing what occurred and when it occurred, Defendant cannot respond to the complaint. In its current form, the complaint fails to state a claim on which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and the Court accordingly dismisses the complaint with 30 days' leave to replead, as more fully set forth below.

**C. Motion for default**

Plaintiff filed a motion for default in which he asserts that he served the complaint, as well as the summons, on Defendant on July 9, 2026, the same day that he filed the complaint in this action.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In order to move for default in this court, a plaintiff must follow the procedures set forth in Rule 55 of the Federal Rules of Civil Procedure,

as well as this court's Local Civil Rules 55.1 and 55.2, including the completion and submission of certain court forms.

Plaintiff submits a declaration in which he asserts that he served the summons and complaint on Defendant on the same day that he commenced this action. (ECF No. 9.) Plaintiff's assertion, however, is inaccurate. Because Plaintiff is proceeding IFP, a summons could not have been issued until the Court issued an order directing the Clerk of Court to do so. *See* 28 U.S.C. 1915(d) ("The officers of the court shall issue . . . all process, and perform all duties in [IFP] cases"). Thus far, the Court has not directed the Clerk of Court to issue a summons in this action, and it therefore follows that Plaintiff could not have served a summons on Defendant. The Court therefore denies Plaintiff's motion for default.

**D. Motion for request for judicial intervention**

Plaintiff also filed a document that he styles as a Motion for Request for Judicial Intervention. (ECF No. 11.) In that document, he "request[s] 'Judicial Intervention' to have a district court judge assigned to this CASE . . . for processing of FINAL JUDGMENT and PAYOUT OF REQUEST RELIEF OF $2,250,00 to perform CREATIVE SERVICES for the duration of nine (9) years." (*Id.*)

The Court denies Plaintiff's motion for "judicial intervention." A request for judicial intervention ("RJI") is an application made in New York State Supreme and County Courts, "[a]t any time after service of process," in order to assign a judge to resolve a special proceeding or a motion in a plenary action. 22 NYCRR § 202.6(a); *see e.g. Polak v. MTA Long Island R.R.*, 230 A.D.3d 500, 501-02 (N.Y. App. Div. 2nd Dep't 2024) ("Pursuant to 22 NYCRR 202.6, a petitioner generally must obtain a request for judicial intervention in order to commence a special proceeding, since the court is directed not to accept the papers for filing without it.");

*Matter of Application of Marro*, 61 Misc. 3d 1214(A), 110 N.Y.S.3d 894 (N.Y. Sup.Ct. 2018) ("Until the filing of an RJI, the derivative action cannot be assigned to this part."). Because Plaintiff filed this action in federal district court, rather than in New York state court, the RJI process set forth in 22 NYCRR § 202.6 is not applicable to this action. In any event, a district court judge has been assigned to this case. The Court therefore denies Plaintiff's motion.

**E. Supplemental jurisdiction declined**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F. Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against the City of New York, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses, as a non-suable entity, all claims against the New York City Department of Cultural Affairs. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to substitute in its place as a defendant, under Rule 21 of the Rules of Civil Procedure, the City of New York.

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court denies Plaintiff's motions for default and for judicial intervention. The Clerk of Court is directed to terminate the motions pending at ECF Nos. 7 and 11.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 26, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_______________________________________

_______________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

_______________________________________

_______________________________________

_______________________________________

_______________________________________

Write the full name of each defendant. If you need more space, please write “see attached” in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual’s full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual’s birth; a minor’s initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ______________________________________, is a citizen of the State of
(Plaintiff's name)

________________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

__________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________.

If the defendant is a corporation:

The defendant, ______________________________, is incorporated under the laws of

the State of ______________________________

and has its principal place of business in the State of ______________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ______________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

______________________________
First Name Middle Initial Last Name

______________________________
Street Address

______________________________
County, City State Zip Code

______________________________
Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

Defendant 2: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

Defendant 3: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

Defendant 4: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____________________ Dated　　　　_____________________ Plaintiff's Signature

_____________________ First Name　　Middle Initial　　Last Name

_____________________ Street Address

_____________________ County, City　　State　　Zip Code

_____________________ Telephone Number　　_____________________ Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes　☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.